UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,

                                                  CRIMINAL CASE NO. 06-20286

v.

CHARLES GARY-DON ABBEY,            HONORABLE PAUL V. GADOLA
                                                    U.S. DISTRICT COURT
                    Defendant.
_____/

**<u>ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT</u>**

Defendant Charles Gary-Don Abbey is charged with conspiracy to bribe a public official, 18 U.S.C. §§ 371 and 666(a)(2); solicitation of bribe by a public official, 18 U.S.C. § 666(a)(1); and extortion by a public official, 18 U.S.C. § 1951. Before the Court are two motions filed by Defendant: a motion to dismiss the superseding indictment and a motion for a bill of particulars. The motion to dismiss the original indictment was first filed June 16, 2006. Subsequently, the government obtained a superseding indictment on July 12, 2006. Defendant then renewed his motion to dismiss the superseding indictment on July 31, 2006. Defendant's motion for a bill of particulars was filed on June 16, 2006.

    **I.**    **Background**

Defendant's motion to dismiss the superseding indictment gives a short summary of the background of the case:

> This case arose when Albert Louis-Blake Rizzo gave a statement to the Genesee County Prosecutor in 2003 to mitigate the impact of State charges against him for perjury and fraud. Rizzo had been a land developer and contractor in the County. In his proffer he claimed he had given numerous bribes to various local public officials. Regarding Mr. Abbey, who works for the City of Burton, Rizzo claims he gave Mr. Abbey a "free lot" in a subdivision Rizzo developed in return for

unspecified special favors. Mr. Abbey has explained that the lot was not "free"; that he paid off pre-existing encumbrances to get clear title in an amount approximately equal to what he believed to be the value of marketable title for that lot. Further, Mr. Abbey has denied he did special favors as a City official for Rizzo.

Mr. Abbey is the only public official that has been charged in State or federal court. On May 24, 2006, Mr. Abbey was indicted. The defense responded with a motion to dismiss that indictment.

Brief, Motion to Dismiss Superseding Indictment (July 31, 2006).

After Defendant filed his initial motion to dismiss the indictment, the government obtained a superseding indictment against Defendant, presumably to correct any potential weaknesses identified by Defendant in his initial motion to dismiss. Defendant subsequently filed a motion to dismiss all three counts set out in the superseding indictment.

**II.      Defendant's motion to dismiss the indictment**

In his motion to dismiss, Defendant challenges the sufficiency of the indictment.

In federal court, a criminal defendant "shall [not] be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury," U.S. Const. amend. V, and the defendant "shall enjoy the right . . . to be informed of the nature and cause of the accusation," U.S. Const. amend. VI. Consistent with these constitutional commands, Rule 7(c)(1) of the Federal Rules of Criminal Procedure says that an "indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." An indictment complies with all of these requirements, the Supreme Court has held, if it (1) "contains the elements of the offense charged," (2) "fairly informs a defendant of the charge against which he must defend" and (3) "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974).

*United States v. Titterington*, 374 F.3d 453, 456 (6th Cir. 2004).

An indictment is generally deemed sufficient "if it states the offense using the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense."

*United States v. Middleton*, 246 F.3d 825, 841 (6th Cir. 2001) (quoting *United States v. Monus*, 128

F.3d 376, 388 (6th Cir.1997)).

In addition to stating the elements of the offense, the indictment "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *Hamling v. United States*, 418 U.S. 87, 117-18 (1974) (citing *United States v. Hess*, 124 U.S. 483, 487 (1888)).  The Court will first consider Counts 1 and 2 of the superseding indictment involving bribery, and then will consider Count 3 involving the Hobbs Act.

It is undisputed that the language of the indictment for Counts 1 and 2 use the language of 18 U.S.C. § 666, the particular statute involved in the charges. Defendant argues, however, that though the government has used the language of the statute in the indictment, this language is insufficient.

Defendant first argues that the indictment's language is insufficient because the government is required in the indictment to identify the specific official act involved in the bribery. Defendant's entire argument rests on a particular interpretation of a United States Supreme Court case, *United States v. Sun-Diamond Growers of California*, 526 U.S. 398 (1999). The *Sun-Diamond* case involved an analysis of 18 U.S.C. § 201, which is a different statute than the one invoked in Counts 1 and 2, 18 U.S.C. § 666. The *Sun-Diamond* Court primarily analyzed 18 U.S.C. § 201(c)(1)(A), the "illegal gratuity" portion of the statute, though it also mentioned § 201(b) which deals with bribery. Defendant argues that the Supreme Court's treatment of § 201(b), the bribery section, should be similarly applied to the bribery section of § 666.

The Court does not find Defendant's argument persuasive. First, *Sun-Diamond* deals with a separate statute, § 201, than the one at issue here, § 666. Second, the Court in *Sun-Diamond* was

ruling on the "illegal gratuity" section of § 201, not the bribery section.  Third, and more importantly, this Court finds that *Sun-Diamond*'s limited discussion of the bribery section of § 201 does not definitively state that bribery requires a showing of a specific official action. Instead, the *Sun-Diamond* court stated that bribery requires a showing of a *quid pro quo*, which is "a specific intent to give or receive something of value *in exchange* for an official act." *Sun-Diamond*, 526 U.S. at 404-05.

Defendant has failed to provide any case law supporting his interpretation of the *Sun-Diamond* case as it relates to § 666.  The government, on the other hand, has provided recent case law from other Circuits indicating that an indictment under the § 666 bribery statute need not state a specific official act.  The Seventh Circuit Court of Appeals has stated:

> Another argument is that the evidence does not establish any specific act that George took in response to any specific payment. . . . Yet the statute does not require any such link.  A *quid pro quo* of money for a specific legislative act is sufficient to violate the statute, but it is not necessary.  It is enough if someone "corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $ 5,000 or more".  18 U.S.C. § 666(a)(1)(B). A sensible jury could conclude that George had this corrupt intent . . . . .

*United States v. Gee*, 432 F.3d 713, 714-715 (7th Cir. 2005).

Also, the Fourth Circuit Court of Appeals has stated:

Section 201(b) makes it illegal for a government official corruptly to solicit "anything of value personally or for another person or entity, in return for" being influenced in the performance (or nonperformance) of some official act.  18 U.S.C. § 201(b)(2)(A). "For bribery there must be a *quid pro quo* - a specific intent to give or receive something of value in exchange for an official act." *United States v. Sun-Diamond Growers of Cal.*, 526 U.S. 398, 404-05, 143 L. Ed. 2d 576, 119 S. Ct. 1402 (1999). We have stated that the government is not required in a bribery case to prove "an expressed intention (or agreement) to engage in a *quid pro quo*." United

> States v. Jennings, 160 F.3d 1006, 1014 (4th Cir. 1998). Nor must the government prove "that the defendant intended for his payments to be tied to specific official acts (or omissions). . . . Rather, it is sufficient to show that the payor intended for each payment to induce the official to adopt a specific course of action." *Id.* In other words, "the *quid pro quo* requirement is satisfied so long as the evidence shows a course of conduct of favors and gifts flowing to a public official in exchange for a pattern of official actions favorable to the donor." *Id.* (internal quotations omitted).

*United States v. Quinn*, 359 F.3d 666, 673 (4th Cir. 2004).

Thus, other Circuits have interpreted § 666 as not requiring that a specific official act be stated as an element of bribery. Instead, they have found that the *quid pro quo* necessary for bribery can be established by other evidence. This Court finds this position to be persuasive. In the instant case, the government has sufficiently alleged a *quid pro quo*, namely receiving title of property in exchange for reward and influence in connection with certain real estate transactions. The government is not required to state the one specific official act that was bribed. Furthermore, this Court finds that the language of the superseding indictment describing real estate business in which Mr. Rizzo had or would have a financial interest is sufficient to alert Defendant to the nature of the particular charges against him.

Defendant also argues that the language of the indictment in Counts 1 and 2 does not sufficiently define certain terms. For example, Defendant argues that the *mens rea* element of the charge is not sufficient defined, because the word "corruptly" is too general. Also, Defendant argues that the Government has failed to sufficiently define the term "value."

This Court finds that Defendant's arguments about the definitions of "corruptly" and "value" request more than is required for a sufficient indictment. "The sufficiency of the indictment is not a question of whether it could have been more definite and certain." *United States v. Debrow*, 346 U.S. 374, 378 (U.S. 1953). An indictment need not explain every legal term set forth in it. It needs

5

to state the elements of the charge and to fairly inform the defendant as to what charges he or she is facing. *See Titterington*, 374 F.3d at 456. This Court finds that the language of the superseding indictment for Counts 1 and 2 regarding intent and value sufficiently states the elements and informs Defendant of the charges. Further clarification of terms may be appropriate at the jury instruction phase of litigation, but is not necessary now.

When discussing Count 3, the Hobbs Act violation, Defendant again argues that, though the government uses the statutory language in the indictment, this language is insufficient to designate the elements of the charge. After a review of the language of Count 3 of the superseding indictment, the Court finds that the language is sufficient to state the elements of the Hobbs Act charge and to fairly notify Defendant of the charge against him. Accordingly, the Court denies Defendant's motion to dismiss the superseding indictment.

### III.    Defendant's motion for a bill of particulars

In his motion, Defendant requests that the Court order the government to answer a set of requests in a written statement, detailing the particulars of the facts and elements alleged in the indictment against Defendant. More specifically, Defendant has various questions about "value," about the business to be influenced, about the color of title claimed to have been used, and about the dates of transfer of property. The government objects to Defendant's motion for a bill of particulars, and argues that such a bill is unnecessary as a complete set of discovery material has been forwarded to Defendant as part of the government's open discovery practice.

In a case before the Seventh Circuit Court of Appeals, the court stated:

> The decision whether to require a bill of particulars is within the sound discretion of the trial court . . . In *United States v. Dempsey*, 806 F.2d 766 (7th Cir. 1986), this court held that an indictment for conspiracy under 21 U.S.C. §§ 841(a) and 846 need

> only allege the conspiracy to distribute drugs, the time frame in which it allegedly was operated, and the statute violated. No specific overt acts need be alleged. *Id.* at 769. Furthermore, a bill of particulars is not required when information necessary for a defendant's defense can be obtained through "some other satisfactory form." *See* Wright, Federal Practice and Procedure: Crim. 2d, § 129, pp. 436-38 (1982). The defendant needs to know what the government intends to prove. *Id.*
>
> The government maintained an "open-file" discovery policy which provided the defendants with complete and open discovery of all evidence assembled and revealed in the government's investigation. The "open-file" policy, by court order, permitted defense counsel, with proper notice, to make inspection of all files and testimony in the government's possession. The nature and operations of the "open-file" policy is an adequate "satisfactory form" of information retrieval, making the bill of particulars unnecessary. *Cf. United States v. Stephenson*, 924 F.2d 753, 761-62 (8th Cir. 1991); *United States v. Kramer*, 711 F.2d 789, 796 (7th Cir. 1983); *United States v. Schembari*, 484 F.2d 931, 935 (4th Cir. 1973); *United States v. Kilroy*, 523 F. Supp. 206, 211 (E.D. Wis. 1981). Since the defendant was sufficiently aware of the charges against him, and of what he was going to have to defend himself against at trial, the district court did not abuse its discretion in not ordering a bill of particulars.

*United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991). The Court finds this reasoning persuasive. Defendant has been fairly advised of the charges against him by the language of the superseding indictment. Furthermore, Defendant has access to all of the government's discovery materials. Consequently, this Court finds that the information necessary for Defendant to adequately prepare for trial has been provided to Defendant in a "satisfactory form." *See* Wright, Federal Practice and Procedure: Crim. 3d § 129, p. 654 (1999). Accordingly, the Court denies Defendant's request for a bill of particulars.

### IV.    Conclusion

For the reasons stated above, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss the superseding indictment [docket entries 8 and 17] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for a bill of particulars [docket entry

9] is **DENIED**.

    **SO ORDERED.**

Dated: September 22, 2006                                      s/Paul V. Gadola
                                                                       HONORABLE PAUL V. GADOLA
                                                                       UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   September 22, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
              Charles A. Grossmann; Robert W. Haviland                    , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                       .

                                                                       s/Ruth A. Brissaud
                                                                       Ruth A. Brissaud, Case Manager
                                                                       (810) 341-7845