UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

                              CRIMINAL CASE NO. 06-20286

v.

CHARLES GARY-DON ABBEY,        HONORABLE PAUL V. GADOLA
                                               U.S. DISTRICT COURT
                Defendant.
_____/

**<u>ORDER DENYING DEFENDANT'S MOTION IN LIMINE</u>**

Defendant Charles Gary-Don Abbey is charged with conspiracy to bribe a public official, 18 U.S.C. §§ 371 and 666(a)(2); solicitation of a bribe by a public official, 18 U.S.C. § 666(a)(1); and extortion by a public official, 18 U.S.C. § 1951. Before the Court is Defendant's motion in limine, in which Defendant seeks to suppress certain evidence regarding land sales. For the reasons that follow, the Court will deny Defendant's motion.

**I.    Background**

In his motion to dismiss the superseding indictment filed concurrently with the motion in limine, Defendant gives a summary of the background of the case:

> This case arose when Albert Louis-Blake Rizzo gave a statement to the Genesee County Prosecutor in 2003 to mitigate the impact of State charges against him for perjury and fraud. Rizzo had been a land developer and contractor in the County. In his proffer he claimed he had given numerous bribes to various local public officials. Regarding Mr. Abbey, who works for the City of Burton, Rizzo claims he gave Mr. Abbey a "free lot" in a subdivision Rizzo developed in return for unspecified special favors. Mr. Abbey has explained that the lot was not "free"; that he paid off pre-existing encumbrances to get clear title in an amount approximately equal to what he believed to be the value of marketable title for that lot. Further, Mr. Abbey has denied he did special favors as a City official for Rizzo.
>
> Mr. Abbey is the only public official that has been charged in State or federal

court. On May 24, 2006, Mr. Abbey was indicted.

Brief, Motion to Dismiss Superseding Indictment, docket entry 17 (July 31, 2006).

**II.       Defendant's motion in limine**

In Defendant's motion in limine, Defendant seeks to prevent the government from introducing evidence of land sales of properties comparable to the piece of land that Defendant received in the alleged bribery.

Defendant's first argument in support of his motion is that evidence of comparable sales of land is irrelevant. Defendant argues that "a thing of value" in the context of bribery is a purely subjective notion as it is a component of Defendant's *mens rea*. Defendant further argues that the government must establish a foundation that Defendant knew of the land sales at the time that Defendant obtained title to the lot in question. Defendant also argues that any evidence of sales that occurred after Defendant obtained title, or other documents that give land values of which Defendant was not aware, are irrelevant because the evidence could not have affected Defendant's subjective belief of the value of the property he received.

The Court disagrees with Defendant's argument. Relevant evidence is defined broadly as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The actual market value of the land that Defendant received is relevant to establishing whether Defendant subjectively believed that he was receiving a thing of value. The fair market value of a piece of land can be established by comparing sales of similar pieces of land, regardless of whether Defendant had knowledge of these other comparable sales. *See United States v. 103.38 Acres of Land*, 660 F.2d 208, 211 (6th Cir. 1981) ("A 'comparable sales' analysis has long

been and remains the preferred method of establishing a property's 'fair market value.' "). Accordingly, evidence of comparable sales is relevant.

Defendant's second argument is that evidence of comparable sales of other properties is not relevant without an expert. The government responds by arguing that either experts or lay people can testify about the value of comparable sales.

The Court finds the government's position to be more compelling. The Michigan cases of *State Hwy. Commr. v. Schmidt*, 142 N.W.2d 907 (Mich. Ct. App. 1966) and *Grand Rapids v. H.R. Terryberry Co.*, 333 N.W.2d 123 (Mich. Ct. App. 1983) cited by Defendant in support of his position that comparable land sales are relevant only with an expert, actually support the opposite position. These cases hold that a non-expert may testify about the value of the land he owns and other pieces of land in the immediate vicinity if "the owner is familiar with his property and with any other property that he testifies about in regard to comparable value." *Grand Rapids v. H.R. Terryberry Co.*, 333 N.W.2d 123, 126 (Mich. Ct. App. 1983). *See also id.* at 125 and *State Hwy. Commr. v. Schmidt*, 142 N.W.2d 907, 909 (Mich. Ct. App. 1966) ("Any ordinary individual who has the testamentary qualification of knowledge of the question about which he attempts to testify may testify as to the value of land. A lay witness will be permitted to testify as to the value of land if he has seen the land and has some knowledge of the value of other lands in the immediate vicinity.") (citations omitted). Defendant's attempt to distinguish these cases by claiming that the rule is only applicable in condemnation proceedings is not persuasive. Therefore, the Court finds that evidence of comparable sales is not inadmissible without an expert. Defendant's concerns pertain to the weight instead of the admissibility of the evidence.

Defendant also objects to the use of certain private documents concerning the values of

3

comparable pieces of land which were generated at land closings to which Defendant was not privy. As discussed above, the Court does not find that such evidence of comparables is inadmissible due to the fact that Defendant did not have knowledge of the documents. Comparables can be used to establish the market value of a piece of land, and this market value is relevant to Defendant's subjective belief that he was receiving a thing of value. Furthermore, the Court does not find that these documents violate the rule of hearsay, as they fall within the following exception: "A statement contained in a document purporting to establish or affect an interest in property if the matter stated was relevant to the purpose of the document, unless dealings with the property since the document was made have been inconsistent with the truth of the statement or the purport of the document." Fed. R. Evid. 803(15). Defendant argues that the documents in question are not trustworthy because they are inconsistent with the recorded warranty deed and transfer affidavit. The Court declines to find that this alleged inconsistency warrants exclusion of the evidence. Defendant's concerns again pertain to the weight instead of the admissibility of the evidence.

Defendant also objects to the use of an appraisal made by Robert Ulrich. The government responds by arguing that it did not request this appraisal, that the government is not required to present Mr. Ulrich as a witness, and that it does not intend to present Mr. Ulrich as a witness. Thus, Defendant's objections are moot at this time. The government asserts that if it later decides to call Mr. Ulrich as a witness, it will promptly advise Defendant so that he might be able to renew his objections on this matter.

Finally, Defendant requests a *Daubert* hearing in order to determine the admissibility of expert testimony. After a consideration of the circumstances in this matter, the Court finds that such a hearing is not necessary.

### III.    Conclusion

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that Defendant's motion to limine [docket entry 18] is **DENIED**.

**SO ORDERED.**

Dated:   January 25, 2007                                         s/Paul V. Gadola
                                                                              HONORABLE PAUL V. GADOLA
                                                                              UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   January 25, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
         Charles A. Grossmann; Robert W. Haviland            , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                                  .

                                                                s/Ruth A. Brissaud
                                                                Ruth A. Brissaud, Case Manager
                                                                (810) 341-7845

5