UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

            Plaintiff,

CRIMINAL CASE NO. 06-20286

v.

CHARLES GARY-DON ABBEY,        HONORABLE PAUL V. GADOLA
                                        U.S. DISTRICT COURT
            Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL AND DENYING DEFENDANT'S MOTION FOR A NEW TRIAL

On March 22, 2007, the jury returned a verdict of guilty against Defendant on all three counts of the superseding indictment. Now before the Court is Defendant's motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, first made at the close of the government's case-in-chief during trial, and later renewed both at the close of proofs and on March 29, 2007. In order to reach a just resolution of this pending motion, the Court directed the parties to submit briefs on the matter. Also before the Court is Defendant's motion for a new trial pursuant to Federal Rule of Criminal Procedure 33, filed on March 28, 2007. The parties have submitted briefs in support of their respective positions on both motions. The Court has considered the arguments of the parties and, for the reasons set out below, denies Defendant's motion for a judgment of acquittal and denies Defendant's motion for a new trial.

**I.    Defendant's Motion for a Judgment of Acquittal**

Before the Court is Defendant's motion for a judgment of acquittal, brought pursuant to Federal Rule of Criminal Procedure 29. Federal Rule of Criminal Procedure 29 states that the Court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain

a conviction." Fed. R. Crim. P. 29(a). When considering a Rule 29 motion for a judgment of acquittal, the Court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Humphrey*, 279 F.3d 372, 378 (6th Cir. 2002) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "Circumstantial evidence alone, if substantial and competent, may support a verdict and need not remove every reasonable hypothesis except that of guilt." *Id.* (quoting *United States v. Keeton*, 101 F.3d 48, 52 (6th Cir. 1996)). The granting of a motion to acquit should be "confined to cases where the prosecution's failure is clear." *Keeton*, 101 F.3d at 52 (6th Cir. 1996) (quoting *Burks v. United States*, 437 U.S. 1, 17 (1978)).

At trial, the jury found Defendant guilty of one count of conspiracy to bribe a public official; one count of solicitation of a bribe by a public official; and one count of extortion by a public official. The first two counts are violations of 18 U.S.C. § 666, while the last count is a violation of the Hobbs Act, 18 U.S.C. § 1951. Defendant argues that a judgment of acquittal on all three counts is appropriate because there was insufficient evidence for any reasonable juror to find guilt beyond a reasonable doubt.

### A. Counts 1 and 2: Violations of 18 U.S.C. § 666

Defendant argues that he should be acquitted on the first two counts, violations of 18 U.S.C. § 666, because there was no evidence supporting the specific intent element of the charges. The language of § 666 states that a violation occurs when someone corruptly gives (or accepts) a thing of value with an intent to influence(or with an intent to be influenced) in connection with any business, transaction, or series of transactions involving anything of value of $5,000 or more. 18

2

U.S.C. § 666.

In a September 22, 2006 order denying Defendant's motion for dismissal of the indictment, this Court stated:

> Thus, other Circuits have interpreted § 666 as not requiring that a specific official act be stated as an element of bribery. Instead, they have found that the *quid pro quo* necessary for bribery can be established by other evidence. This Court finds this position to be persuasive. In the instant case, the government has sufficiently alleged a *quid pro quo*, namely receiving title of property in exchange for reward and influence in connection with certain real estate transactions. The government is not required to state the one specific official act that was bribed.

*United States v. Abbey*, 452 F. Supp. 2d 766, 770 (E.D. Mich. 2006). In coming to this conclusion, the Court relied on several cases interpreting § 666. *See United States v. Gee*, 432 F.3d 713, 714-715 (7th Cir. 2005); *United States v. Quinn*, 359 F.3d 666, 673 (4th Cir. 2004). These cases make clear that a violation of § 666 does not require one specific official act made in response to a specific payment. *See Gee*, 432 F.3d at 714 ("Another argument is that the evidence does not establish any specific act that [the defendant] took in response to any specific payment. [The defendant] contends that the absence of a *quid pro quo* prevents conviction. Yet the statute does not require any such link."). Instead, a violation of § 666 occurs when there is a thing of value given with the intent to influence a public official to pursue "a pattern of official actions favorable to the donor." *Quinn*, 359 F.3d at 673 (citation omitted).

Relying on the actual text of the statute in § 666, the Court approved jury instructions which accurately described the elements of the charges against Defendant. In particular, Jury Instruction #21 discussed the terms "corruptly" and "intending to be influenced":

> The defendant must have demanded, sought or received a thing of value with the knowing and deliberate purpose of receiving it in exchange for being influenced

3

> in connection with any business, transaction, or series of transactions of the City of Burton that involves anything of value of $5,000 or more.
>
> . . . Even if you were to find that Mr. Abbey was aware that Mr. Rizzo intended to influence him that is not enough to find guilt on this Count. You must find beyond a reasonable doubt that Mr. Abbey himself, while receiving the thing of value, intended to make good on the bargain to be influenced regarding any business, transaction, or series of transactions favorable to Mr. Rizzo in return for the thing of value Mr. Abbey was claimed to have received.

Jury Instruction #21. This instruction made clear to the jury that it was necessary that the gift from Rizzo be more than a mere gratuity, or simply a reward for past or future favorable treatment. On the contrary, the instruction stated that it was necessary that Defendant have the intention to "make good on the bargain" to be influenced in any future business, transaction, or series of transactions.

Here in this case, when the evidence is considered in the light most favorable to the government, there was sufficient evidence to support the jury's guilty verdict. The evidence showed that Defendant received a thing of value, a piece of property, from the developer Rizzo, and did not pay Rizzo for it. The evidence showed that Rizzo was a developer who desired favorable treatment from Defendant. There was evidence that Defendant had a position of influence in real estate transactions involving Rizzo. There was also evidence that Rizzo received favorable treatment from Defendant later during the Pebble Creek real estate project.

All of this evidence and reasonable inferences therefrom support the finding that Rizzo gave Defendant the property with an intent to influence Defendant to take a course of action of favorable treatment in future real estate projects, and that Defendant received the property with an intent to be influenced in this course of action with regard to future real estate projects. Admittedly, there is no direct evidence that Defendant had this intent to be influenced. However, there is sufficient

4

circumstantial evidence that confirms Defendant's unlawful intent. "Circumstantial evidence alone, if substantial and competent, may support a verdict and need not remove every reasonable hypothesis except that of guilt." *Humphrey*, 279 F.3d at 378 (quoting *Keeton*, 101 F.3d at 52). Consequently, when viewing the evidence presented by the government in the light most favorable to the government, there was sufficient evidence for a rational trier of fact to find that each element of Counts 1 and 2 of the superseding indictment, including intent, had been shown beyond a reasonable doubt.

**B.      Count 3: Violation of Hobbes Act, 18 U.S.C. § 1951**

Defendant argues that he should be acquitted on the third count, the violation of the Hobbs Act, 18 U.S.C. § 1951. As he did for Counts 1 and 2, Defendant argues that there was insufficient evidence for a jury to find the specific intent element of Count 3 beyond a reasonable doubt.

The Court disagrees with Defendant. The Court's instructions clearly stated that one of the elements of Count 3 was that Defendant "knowingly and deliberately by extortion" induced Rizzo to part with the property. *See* Jury Instruction #24. The jury instructions went on to state, "The government must prove beyond a reasonable doubt, however, that Mr. Abbey knowingly and deliberately used his official position in order to obtain money, property, or something of value, to which the defendant had no right." *See* Jury Instruction #25. Consequently, the intent element was adequately explained to the jury.

After reviewing the record, the Court finds that there was sufficient circumstantial evidence to support the jury's finding that Defendant knowingly and deliberately used his official position to unlawfully obtain the property from Rizzo. The evidence and reasonable inferences therefrom

supported the findings that Defendant was not entitled to Rizzo's property; that Rizzo gave the property to Defendant in exchange for favorable treatment with regard to future real estate projects; and that Defendant was aware that his receipt of the property was in return for Defendant's official actions. *See, e.g.*, *United States v. Coyne*, 4 F.3d 100, 113-14 (2d Cir. 1993) ("[T]he government does not have to prove an explicit promise to perform a particular act made at the time of payment. . . . Rather, it is sufficient if the public official understands that he or she is expected as a result of the payment to exercise particular kinds of influence -- i.e., on behalf of the payor -- as specific opportunities arise.").

Consequently, when viewing the evidence presented by the government in the light most favorable to the government, there was sufficient evidence for a rational trier of fact to find that each element of Count 3 of the superseding indictment had been shown beyond a reasonable doubt.

## II. Defendant's Motion for a New Trial

Before the Court is Defendant's motion for a new trial, brought pursuant to Federal Rule of Criminal Procedure 33. Federal Rule of Criminal Procedure 33(a) states: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).

"The decision to grant or deny a motion for new trial rests within the district court's sound discretion. . . . The defendant bears the burden of proving that a new trial should be granted." *United States v. Davis*, 15 F.3d 526, 531 (6th Cir. 1994) (citing *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991)).

Defendant argues that a new trial is warranted because: 1) the verdict was against the weight

of the evidence; 2) the jury instructions were erroneous; 3) the jury instructions were confusing to the jury; 4) the late determination of jury instructions at the end of trial unfairly prejudiced Defendant in the preparation of his defense; 5) the ruling against Defendant that judicial notice of certain Michigan statutes and law was irrelevant, was erroneous; and 6) the timing of the ruling unfairly prejudiced Defendant in the preparation of his defense.

After a review of the record and the briefs submitted by the parties, the Court does not find that a new trial is appropriate. A motion for a new trial should be granted "only in the extraordinary circumstances where the evidence preponderates heavily against the verdict." *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988) (citation omitted.) Here, in this case, the verdict of the jury was not against the weight of the evidence. As discussed above in the section on Defendant's motion for a judgment of acquittal, there was sufficient evidence for a jury to convict Defendant on all three counts of the superseding indictment.

In addition, the Court finds that the jury instructions were not erroneous, nor confusing to the jury. The jury instructions were an accurate and clear recitation of the applicable law. Furthermore, the Court did not make an erroneous decision when it declined to take judicial notice of the Michigan statutes requested by Defendant, as these would have been unnecessarily confusing to the jury. Finally, the timing of the Court's rulings on jury instructions and on judicial notice during the last part of the trial did not unfairly prejudice Defendant. Consequently, "the interest of justice" does not require granting Defendant a new trial. Fed. R. Crim. P. 33(a).

**III. Conclusion**

The Court has reviewed the multiple briefings submitted by Defendant and the government.

7

Being fully advised in the premises, the Court finds that Defendant is not entitled to a judgment of acquittal, nor to a new trial.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion for a judgment of acquittal [docket entry #59] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for a new trial [docket entry #58] is **DENIED**.

**SO ORDERED.**

Dated:   July 30, 2007                                s/Paul V. Gadola
                                                      HONORABLE PAUL V. GADOLA
                                                      UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   July 30, 2007   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
          Charles A. Grossmann; Robert W. Haviland                , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                    .

                                                      s/Ruth A. Brissaud
                                                      Ruth A. Brissaud, Case Manager
                                                      (810) 341-7845